IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PEGGY IDONAS,

    Plaintiff,

                                Civil No. 06-1183-CO
                                FINDINGS AND RECOMMENDATION

    v.

KLAMATH COUNTY,

    Defendant.
_____

COONEY, Magistrate Judge:

    Defendant removed this action from state court pursuant to 28 U.S.C. §1332 and §1441 alleging original federal question jurisdiction and diversity jurisdiction. 28 U.S.C. § 1447(c) authorizes the court to remand a case for lack of subject matter jurisdiction. See <u>Brockman v. Merabank</u>, 40 F.3d 1013, 1015 (9th Cir. 1994). The court sua sponte can raise a jurisdictional defect at any time, leading to the dismissal of the action, or, in this case, remand to state

court.  See Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992).

Title 28 U.S.C. § 1441 permits removal of a state court proceeding to federal court if the federal court would have original jurisdiction over the action. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 8 (1983).  Removal statues are strictly construed against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted). The burden of establishing federal jurisdiction falls on the party seeking to remove the state proceeding. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

The complaint alleges that plaintiff was an employee of Klamath County Justice Court and that the defendant is Klamath County, Oregon.  The complaint does not allege the citizenship of the plaintiff.  The complaint does not establish on its face that the parties are diverse. Absent complete diversity between the parties, "the propriety of removal turns on whether the case falls within the original `federal question' jurisdiction of the United States district courts." Franchise Tax, 463 U.S. at 8; See also Caterpillar, Inc., 482 U.S. at 392.

The original federal question jurisdiction of the district court is defined by 28 U.S.C. § 1331.  28 U.S.C. § 1331 states that the "district court shall have original

FINDINGS AND RECOMMENDATION - 2

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Franchise Tax, 463 U.S. at 8.

"[A] defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case arises under the federal law." Id. at 10. An action arises under federal law only when the plaintiff's statement of his own cause of action shows it is based on federal law. Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149 (1908).

Whether a case falls within the original federal question jurisdiction of the district court is governed by the "well pleaded complaint rule." Caterpillar, Inc., 482 U.S. at 392. The "well pleaded complaint rule" provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. The plaintiff's complaint must present a federal question " 'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose'". Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667 (1950)(citation and quotation omitted).

A review of plaintiff's state court complaint shows that she has not specifically stated that she is bringing this action pursuant to 42 U.S.C. §2000e-5 (Title VII). The only reference to Title VII is in the prayer for relief, in which plaintiff alleges she is entitled to attorney fees pursuant to

FINDINGS AND RECOMMENDATION - 3

Title VII, 42 U.S.C. §2000e. Her actual causes of action are based upon ORS Chapter 659A. (Notice of Removal Exhibit A at 1, 4).

Before a Title VII suit may be filed in federal court, a plaintiff must file a complaint with EEOC within 180 days after the occurrence of the alleged violation, or, if the plaintiff initially instituted proceedings with the appropriate state agency, within 300 days of the alleged violation, receive a right to sue letter from the EEOC, and file suit within 90 days of receipt of the right to sue letter. 42 U.S.C. §2000e-5; <u>Mueller v. Los Angeles Fire Dept.</u>, 637 F.2d 616, 617 (9th Cir. 1980); <u>See Green v. Los Angeles County Superintendent of Schools</u>, 883 F.2d 1472, 1473 (9th Cir.1989). Plaintiff did not alleged that she filed a timely complaint with the EEOC or the appropriate state agency, that she received a right to sue letter from the EEOC, or that her suit was filed within 90 days of the receipt of the right to sue letter. This indicates that plaintiff is only alleging state claims under ORS Chapter 659A. Based on the well pleaded complaint rule, this case should be remanded to state court, as on the face of the complaint it does not appear plaintiff is alleging any federal claims.

It is recommended that this case be remanded to state court based on lack of subject matter jurisdiction.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals***. Any notice

FINDINGS AND RECOMMENDATION - 4

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. ***The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten days within which to file a response to the objections***. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

                  DATED this ____31_____ day of August, 2006.

                  _____/s/_____
                        UNITED STATES MAGISTRATE JUDGE